UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-23305-CV-LENARD/TURNOFF

EUGENE JOBIE STEPPE and
CRISTINA MARIA STEPPE,

        Plaintiffs/Petitioners,

vs.

CITY OF MIAMI, FLORIDA, a
municipal corporation, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon Defendants' City of Miami and City of Miami

Code Enforcement Board's (collectively "Defendants") Motion to Dismiss **[D.E. 7]**, and an Order

of Reference entered by the Honorable Joan A. Lenard on November 24, 2009. **[D.E. 8]**.

Upon review of the Motion **[D.E. 7]**, the Response[1]**[D.E. 9]**, the court file, and being

otherwise duly advised in the premises, the undersigned makes the following findings.

### I. Background

*Pro Se* Plaintiffs Eugene and Cristina Maria Steppe (collectively "Plaintiffs") filed this action

on October 30, 2009. **[D.E. 1]**. The Complaint alleges, among other things, violation of the Equal

Protection Clause and intentional infliction of emotional distress. The Complaint also includes a

request for Writ of Certiorari.

The underlying events surrounding this action took place on or around June 2008. By way

---

[1]Plaintiffs' Response includes a "Motion to Strike Defendants' Motion to Dismiss" <u>See</u>
**[D.E. 9]**.

of background, Plaintiffs reside in a duplex located at: 3270 Gifford Lane, Miami, Florida ("subject property"). The subject property is zoned for "residential use" or "R-2."

Mr. Steppe claims that he is "a writer and artist dabbling in art for therapy." Compl. ¶ 12. [D.E. 1].   According to the Complaint,  he parked his van in front of City Hall on June 10, 2008 in order to protest public corruption. At the time, the van was used to display six pieces of "protest art."

Sometime thereafter, an inspector observed some of Mr. Steppe's art hanging on fences in his front yard.    A Notice of Violation/Summons to Appear was issued to Plaintiffs on June 27, 2009. Compl. ¶ 13. [D.E. 1].  The Notice charges Plaintiffs with the following violations: (1) Illegally operating a business in a residential zone; (2) failure to have a certificate of use; (3) failure to have an occupational license; and (4) outside storage of miscellaneous materials in violation of the City of Miami Zoning Ordinance.

A hearing on the violations was held before the City of Miami Code Enforcement  Board ("Board") on or about September 10, 2008. The Board entered its Order on September 16, 2008. The Order made certain findings of fact and conclusions of law and found Plaintiffs guilty of each violation.   Plaintiffs filed an appeal in the Appellate Division of the Circuit Court in Miami-Dade County Florida (Case No 08-481- AP[2]) on December 1, 2008.  This action followed.

## II.  Legal Standard

Defendants filed the instant motion seeking, *inter alia*, dismissal of Plaintiff's *Emergency Complaint* pursuant to Fed.R.Civ. P. 12.

When considering a motion to dismiss, the Court must  construe the complaint in the light

---

[2]Upon information and belief, this action remains pending.

most favorable to the plaintiff, accepting the factual allegations as true.  SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988).   The threshold of sufficiency for a complaint to withstand a motion to dismiss is that it must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." United States v. Baxter International, Inc., 345 F.3d 866, 880 (11th Cir. 2003) (internal quotations and citation omitted).   In reviewing the motion, the Court "may only examine the four corners of the complaint and not matters outside the complaint without converting the motion to dismiss to a motion for summary judgment."  Caravello v. American Airlines, 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004); see also St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. Analysis

Defendants' raise several arguments for  dismissal.    For present purposes, it is only necessary to  address the first two (2) arguments.

**A.    The City of Miami Code Enforcement Board is not a Legal Entity Subject to Suit Under Florida Law**

Defendants argue that the claims against the Board should be stricken pursuant to Fed.R.Civ.P. 17(b) – which requires, *inter alia*, that the  determination as to whether a Defendant is a properly named entity  subject to suit be decided pursuant to the applicable state law.    In support of this proposition, Defendants rely mostly on cases involving police departments. See e.g., Florida City Police Dept. v. Corcoran, 661 So. 2d 1409 (Fla. 3rd  DCA 1995); see also, Dean v. Barber, 951 F. 2d 1210, 214-15 (11th Cir. 1992).   In this connection, Defendants argue that because the Board – like a police department – is an integral part of the city government and a vehicle by which the city government fulfills its policing functions, it is not an entity subject to suit. Corcoran,

661 F. 2d at 410.

Plaintiffs do not agree or disagree.  In their Response **[D.E. 9]**, however, Plaintiffs concede

that they are **not** suing the Board.   In this regard, Plaintiffs specifically cite to the Complaint which

states, "Plaintiffs also bring a supplemental state claim pursuant to 28 U.S.C.  § 1367(a) seeking a

writ of certiorari review and other relief *directed to* the CITY OF MIAMI CODE ENFORCEMENT

BOARD." See Compl. **[D.E. 1]** (emphasis added).

Notwithstanding, the Court notes that the  Complaint lists the Board in the style of the case.

Further, the Clerk of Court has listed the Board as a Defendant on the Court's docket.   In light of

Plaintiffs' concession, and to the extent that the Board was named as a Defendant in this action, it

is hereby **RESPECTFULLY RECOMMENDED** that the Board be **DISMISSED** as a Defendant.

**B.**      **The Court Should Abstain from Deciding the Issues in this Case Until the Resolution of the Pending State Appellate Proceedings**

Defendants argue that this Court should decline to exercise jurisdiction over this case

pursuant to the "Pullman Abstention[3]" doctrine  and permit the appellate division of the state circuit

court to determine whether the Board: (1) complied with procedural due process, (2) observed the

essential requirements of law, and (3) that its decision was supported by substantial competent

evidence.  Plaintiffs, however,  oppose the request. Plaintiffs argue, *inter alia*,  that "there is no

pending [s]tate [a]ppellate [p]roceedings that deal with the issues enumerated in the [f]ederal

[c]omplaint."  Pl's. Resp. **[D.E. 9, at p. 4]**.

---

[3]In Railroad Comm. of Tx. v. Pullman, 312 U.S. 496 (1941) the Supreme Court found
that abstention was appropriate where the resolution of a dispute involving a city ordinance in the
state forum may render the federal issues moot.

Plaintiffs' argument does not persuade.

As noted above, Plaintiffs' appeal of the Board's order remains pending before the Appellate Division of the Circuit Court.  Courts have long recognized that under certain circumstances, a federal court may decline to proceed though it has jurisdiction under the constitution and the statutes.  See Railroad Comm. of Tx. v. Pullman Co., 312 U.S. 496 (1941).  In this connection, the doctrine of abstention may give rise to the staying or altogether dismissing of the federal claim in lieu of a pending state court action.  Said doctrine has been applied in the following instances:   (1) in cases presenting a federal constitutional issue which might be mooted or perhaps presented in a somewhat different posture by a state court determination of pertinent state law; (2) where there are difficult questions of state law presented bearing on policy problems of public import; and (3) where in the absence of bad faith, harassment, or an invalid state statute, federal jurisdiction had been invoked in order to restrain state criminal proceedings.  See East Naples Water Systems, Inc. v. Board of County Comm. of Collier Cty, 627 F. Supp. 1065 (S.D. Fla. 1986).

In 1976, the Supreme Court recognized that even when a case does not fall within any of these three categories,

> there are principles unrelated to the consideration of proper constitutional adjudication and regard for federal-state relations which may govern in situations involving the contemporaneous exercise of concurrent jurisdiction by federal courts or by state and federal courts. These principles rest on consideration of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'

Id. at 1071 (quoting, Colorado River Water Conservation District, et al, v. United States, 424 U.S. 800, 817(1976)).

One of the important considerations highlighted by the Colorado River court is the desirability of avoiding piecemeal litigation.   Here, Defendant makes a colorable argument for

abstention based on this very principle.  Specifically, the issues on appeal– at the state level – are no doubt relevant to, and may affect, the outcome of the case at hand.  Indeed, one might say that the facts and allegations are inextricably intertwined.   Allowing this action to proceed prior to the resolution of the state matter may well lead to inconsistent results.

In this regard, the case of <u>Rattner v. Board of Trustees of Village of Pleasantville</u>, 61 F.Supp. 648 (S.D.N.Y. 1985) is instructive.  In <u>Rattner,</u> the plaintiffs were property owners that brought an action against various village officials claiming, among other things, harassment *vis-a-vis* the enforcement of various parking and zoning ordinances.  The district court exercised its discretion and stayed the matter pending resolution of a state court action based upon the same underlying facts and allegations.  In so doing, the court noted that "the intercession of a federal court at this stage in the litigation will have an ill effect upon the swift, efficient and unified resolution of the issues underlying the various lawsuits." <u>Id.</u> at 654.  The undersigned agrees.

In light of the above history, the current posture of this case and the relevant law, it would be premature and inappropriate for this Court to make any determination as to the merits of the instant federal action at this time.  Accordingly, it is **RESPECTFULLY RECOMMENDED** that the Court **ABSTAIN** from deciding the merits of this matter until the appeal in the Circuit Court is resolved.

The only question remaining is whether this cause should be stayed or dismissed.  As a general matter, when a federal court abstains, a stay is the more favorable option; specifically, so that the court can retain its jurisdiction pending the outcome of the state court action.  <u>See e.g.</u>, <u>Palmer v. Jackson</u>, 617 F. 2d 424 (5th Cir. 1980).   Again, given the current posture and history of this case, the undersigned finds that the balance of factors and the interest of justice warrants a

STAY, and as such so **RESPECTFULLY RECOMMENDS**.

Defendants' remaining arguments go the merits of the allegations made by Plaintiff in the Complaint.    In light of the  Court's above-noted recommendation as to abstention, it is not necessary to address the remaining arguments at this time.

## IV.  Conclusion

In sum, it is hereby **RESPECTFULLY RECOMMENDED** as follows:

(1)    That Defendants' Motion **[D.E. 7]** be **GRANTED-IN-PART** consistent with this Report and Recommendation; and

(2)    That Plaintiff's Motion to Strike Defendants' Motion to Dismiss **[D.E. 9]** be **DENIED** consistent with this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)( c), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Court, within fourteen (14) days of receipt.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, reh'g denied, 7 F. 3d 242 (11th Cir. 1993) (en banc); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this         day of December 2009.

WILLIAM C. TURNOFF
**UNITED STATES MAGISTRATE JUDGE**

cc:    Hon. Joan A. Lenard
         Counsel of Record