UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23305-CIV-LENARD/TURNOFF

**EUGENE JOBIE STEPPE and
CRISTINA MARIA STEPPE,**

    Plaintiffs,

vs.

**CITY OF MIAMI, FLORIDA, a
municipal corporation, et al.,**

    Defendants.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE (D.E. 12), GRANTING IN PART DEFENDANTS' MOTION TO DISMISS (D.E. 7), DENYING PLAINTIFFS' MOTION TO STRIKE (D.E. 9), AND STAYING CASE

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge William C. Turnoff ("Report," D.E. 12), issued on December 11, 2009, recommending: (1) that Defendant City of Miami Code Enforcement Board ("Board") be dismissed as a party; (2) the Court grant in part Defendants' Motion to Dismiss the Complaint ("Motion," D.E. 7), filed on November 23, 2009, and abstain from deciding the merits of this case until Plaintiffs' appeal in the Appellate Division of the Circuit Court in Miami-Dade County, Florida (Case No. 08-481-AP), has been resolved; and (3) stay this case pending that appeal. On December 18, 2009, Plaintiffs filed objections to the Report ("Objections," D.E. 14), to which Defendants filed an amended response ("Response," D.E. 16) on December 31, 2009.

First, the Report recommends the Board be dismissed as a party pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, as Defendants argue the Board is an integral part of the city government and Plaintiffs concede in their response to the Motion that they are not suing the Board. (Report at 3-4.) Plaintiffs' object that they intended to sue the Board and any confusion as to whether the Board is being sued in the Complaint is "just a simple typing error." (See Objections at 2.) Plaintiffs also cite Flava Works, Inc. v. City of Miami, Florida, 559 F. Supp. 2d 1318, 1325 (S.D. Fla. 2008), for the proposition that the Board is in fact a legal entity subject to suit under Florida law. (Id.) Defendants respond that Flava Works is not dispositive of the issue of whether the Board possesses the capacity to be sued as the court in that case merely determined it lacked detailed argument and analysis from the parties on that issue. (Response at 4.) Defendants further argue that Section 2-811, *et seq.*, of the City of Miami Code and Section 162.01, *et seq.*, of the Florida Statutes, demonstrate (1) that the Board lacks the capacity to sue or be sued and (2) the Board is an integral part of the city government and thus not subject to suit. (Id. at 2-4.)

Second, the Report recommends that the Court abstain from deciding the issues in this case until Plaintiffs' appeal of the Board's decision has been resolved. (Report at 4.) Pursuant to the doctrine of abstention articulated in Railroad Commission of Texas v. Pullman Company, 312 U.S. 496 (1941) (finding abstention is appropriate where the resolution of a dispute involving a city ordinance in the state forum may render the federal issues moot), the Report recommends the Court abstain from deciding the issues in this case.

2

The Report concludes that the Plaintiffs' appeal will likely affect the outcome of this case and abstention in this case will avoid piecemeal litigation. (Id. at 4-6. (citing Rattner v. Board of Trustees of Village of Pleasantville, 61 F. Supp. 648 (S.D.N.Y. 1985)).) Plaintiffs object that their pending appeal only requests "the State Appellate to order the Defendants to advise Plaintiff's [sic] if any code violations exist and order Defendant's [sic] to arrest Plaintiff's [sic] under the law." (Objections at 3.) Defendants respond that abstention is appropriate here, as the state court's ruling either upholding the Board's decision or finding no violation occurred, will moot the issues in this case. (Response at 5.) Having reviewed de novo the Report, Objections, Response, Motion, related pleadings, and the record, it is hereby **ORDERED AND ADJUDGED** that:

1. Consistent with this Order, the Report and Recommendation of Magistrate Judge William C. Turnoff (D.E. 12), issued on December 11, 2009, is **ADOPTED**;

2. Defendants' Motion to Dismiss the Complaint (D.E. 7), filed on November 23, 2009, is **GRANTED IN PART**;

3. Consistent with the Report and this Order, Plaintiffs' Motion to Strike Defendants' Motion to Dismiss (D.E. 9), filed on December 3, 2009, is **DENIED**;

4. In order to avoid piecemeal litigation, pursuant to Railroad Commission of Texas v. Pullman Company, 312 U.S. 496 (1941), the Court **ABSTAINS** from

deciding the issues in this case, including whether the Board is a proper party to this action under Rule 17(b) of the Federal Rules of Civil Procedure;

**5.** The Court adopts the Report's recommendation and determines that the interests of justice favor staying this case, rather than dismissal, and this case is hereby **STAYED** and **ADMINISTRATIVELY CLOSED**, pending the outcome of the state proceeding.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of January, 2010.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**